391 So.2d 878 (1980)
METROPOLITAN NEW ORLEANS CHAPTER OF the LOUISIANA CONSUMERS' LEAGUE, INC., People Power, Mary Elizabeth Petts, Flossie Milford Simon, Brenda Davillier, Brother Kieran Dugas, Lynn Terrance, Alonde Harrison, Thelma Gath and Rita R. Smith and all others similarly situated
v.
The COUNCIL OF the CITY OF NEW ORLEANS and New Orleans Public Service, Inc.
No. 10874.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1980.
Writs Refused January 26, 1981.
*879 John F. Robbert, New Orleans, for Metropolitan New Orleans Chapter of the Louisiana Consumers' League, Inc., plaintiff-appellee.
Archie B. Creech and Brian J. Waid, New Orleans, for People Power, et al., plaintiffs-appellees.
Burke & Mayer, Charles B. Mayer and James G. Burke, Jr., Christopher T. Screen, William C. Nelson, and Floyd A. Hennen, New Orleans, for NOPSI, defendant-appellant.
Debra J. Fischman, Asst. City Atty., and Salvador Anzelmo, City Atty., New Orleans, for The Council of the City of New Orleans, defendant-appellant.
Before SAMUEL, REDMANN and CHEHARDY, JJ.
SAMUEL, Judge.
This is a suit by ten plaintiffs,[1] purporting to act on behalf of the class constituting all persons similarly situated, against the Council of the City of New Orleans (Council) and New Orleans Public Service, Inc. (NOPSI), to obtain a refund of a $0.05 bus and streetcar fare increase collected by NOPSI pursuant to council resolution R-75-150 for the period during which the increase was collected, November 14, 1975 to November 8, 1977. In the alternative, plaintiffs seek a reduction of transit fares by $0.05 for a period of time equal to the time the $0.05 increase was in effect. They contend they represent the class of transit riders who paid the increase during that time.
Following the filing, and the overruling, of several defendant exceptions, plaintiffs filed a motion for summary judgment, which the court granted. The summary judgment thus rendered is in favor of plaintiffs (on their alternative prayer) in the sum of $5,518,900 and orders that restitution be made by a $0.05 reduction of the prior transit fare for a period of two years. The summary judgment also includes an award to plaintiffs of $100,000 in attorney's fees.
The Council and NOPSI have appealed. Plaintiffs have answered the appeal seeking an increase in the time the fare reduction will be in effect in order to compensate for judicial interest on the amount of the judgment, and also seeking an increase in the attorney's fees awarded by the trial court.
On November 11, 1975, the Council had adopted the resolution raising transit fares by $0.05. This case is an offshoot of a previous case filed by the present plaintiffs against the present defendants. In the prior suit plaintiffs, acting in their individual or organizational capacities and not as representatives of a class, sought injunctive relief prohibiting enforcement of the ordinance. On December 22, 1975 the trial court declared the $0.05 transit fare increase illegal and issued a permanent injunction enjoining NOPSI from collecting the increased fare. On the same day, the trial court entered an order allowing NOPSI to prosecute a suspensive appeal from *880 the judgment. On that appeal this court affirmed the trial court judgment,[2] the Supreme Court denied defendants' application for writs,[3] and on November 8, 1977 NOPSI reduced the fare by $0.05, thereafter charging the fare in effect prior the increase.
The present action was filed on August 4, 1977, shortly after this court's decision maintaining the trial court judgment in the prior case. The trial judge considered the previous suit between the same plaintiffs and the same defendants as determinative of the issues before it. Accordingly, he concluded no material factual issues existed and plaintiffs were entitled to judgment as a matter of law. We disagree.
The primary issue before us is the propriety of the summary judgment. Relative to that issue, we find it necessary to consider only two of appellants' contentions. Both contentions are concerned with the class action, one with notice and the other with restitution. In our view, both have merit and either one, by itself, requires that we annul and set aside the judgment appealed from. Summary judgment is not a substitute for a trial on the merits and can be rendered only when there is no issue of material fact and the mover is entitled to a judgment as a matter of law.[4]
In Louisiana we have only the true class action, wherein the judgment concludes not only the representative parties, but all other members of the class who are not joined as parties.[5] Thus, in our state courts it is particularly important that proper notice of the action be given. In Williams v. State,[6] the Supreme Court of Louisiana said:
"... despite the lack of any statutory requirement for notice to other members of the class sought to be represented, federal (if not also state) due process requires that at some stage of the proceedings, preferably in the earlier stages of the litigation, all identifiable prospective members of the class be given reasonable notice of the pendency of the litigation and the opportunity to opt out of or join in the class action. This notice should be `reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action * * *' ..." (Emphasis added and citations omitted).
The record before us is devoid of any evidence showing, or even tending to show, that the members of the class plaintiffs purport to represent were given any notice of either the pendency of this litigation or the opportunity to join therein or disassociate themselves therefrom. Consequently, plaintiffs are not entitled to a class action summary judgment.
Regarding the second contention, a suit for restitution after the avoidance of a set rate is equitable in origin and nature. In order to prevail in such a suit, a plaintiff must show the money in contest was received under such circumstances that equity and good conscience would be offended if the defendant was allowed to retain it. The question presented is not whether the court would have allowed the defendant to receive the money originally, it is whether the court, following a full consideration of all the facts and circumstances, will take the money from the defendant's possession after it has been allowed to collect it.[7]
It has been held that restitution is not a matter of right. It is a privilege resting on the existence of sound judicial discretion, and restitution will not be ordered when the equities of the case do not call for it. In such cases, the question is whether all the circumstances dictate that equitably the defendant should restore to *881 the plaintiff what it has received.[8] In order to prevail in a restitution case, a plaintiff must demonstrate the unreasonableness of the rate subsequently held invalid and the reasonableness of the rate sought to be used in substitution therefor.[9]
There was no hearing in the trial court on the unreasonableness of the rate fixed by the Council and subsequently held invalid for want of a technical formality. Moreover, there has been no hearing regarding the propriety and reasonableness of the $0.05 rate reduction for two years ordered by summary judgment.
In his Reasons for Judgment the trial judge stated defendants did not file affidavits for his consideration in determining whether restitution was appropriate. He thus implied summary judgment was proper in the absence of any evidence countervailing that produced by plaintiffs in support of their motion for summary judgment. However, as the court had before it the entire record in the first suit, which record includes the public hearings held by Council on the fair and appropriate rate of return to be earned by NOPSI and, as shown therein, the fact of a then current and large transit deficit, there was some countervailing evidence before the court regarding the fairness and reasonableness of the rate of return represented by the $0.05 rate increase; plaintiffs' evidence was not uncontradicted, and there was an issue of material fact. In addition, as we have pointed out, in this suit for restitution plaintiffs had the burden of showing it would offend equity and good conscience if NOPSI was allowed to retain the later prohibited increase. Thus far, plaintiffs have failed to carry that burden.
For the foregoing reasons, the summary judgment appealed from is annulled and set aside, and this case is remanded to the trial court for further proceedings in accordance with law and the views herein expressed. Plaintiffs are to pay all costs of this appeal; all other costs are to await a final determination.
ANNULLED, SET ASIDE AND REMANDED.
REDMANN, J., concurs with written reasons.
REDMANN, Judge, concurring.
The grant of summary judgment was wrong because, as a matter of law, plaintiffs are not entitled to judgment on the undisputed facts. In order to recover the cost of a fare increase whose only defect was that it was not properly advertised, plaintiffs should be required to show that, if the fare increase had been properly advertised, it would not have been granted (or that it would have been smaller). Plaintiffs' motion for summary judgment made no such showing.
These plaintiffs have already cost the city too much (even NOPSI's legal fees will but increase the transit deficit that the city pays). I should therefore prefer to dismiss the class on the ground of prescription and League and People Power on the ground that they have no right of action. I cannot, however, raise that preference to the level of dissent because the only question before us is whether summary judgment was correct.
NOTES
[1] Eight New Orleans individuals and two New Orleans organizations.
[2] Metro. N.O. Chap. of La. Consumers League v. Council of City of New Orleans, La.App., 349 So.2d 400.
[3] La., 351 So.2d 177.
[4] LSA-C.C.P. Art. 966.
[5] LSA-C.C.P. Arts. 591, et seq., and Comment (c) under Article 591.
[6] La., 350 So.2d 131, 137.
[7] See Atlantic Coast R. Co. v. State of Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451.
[8] See Atlantic Coast R. Co. v. State of Florida, supra, note 7.
[9] See Abbotts Dairies Division of Fairmont Foods v. Butz, 584 F.2d 12.