DOMENGEAUX, Judge.
Plaintiff filed suit against the defendants (hereinafter referred to in the singular) for the sum of $5,000.00 allegedly due him as a brokerage and/or attorney’s fee. Defendant answered denying that he owed plaintiff that amount. After trial on the merits, the district court awarded plaintiff $1,500.00 in attorney’s fees plus legal interest from the date of judicial demand. From that judgment plaintiff has perfected this appeal.
Plaintiff is a practicing attorney at law as well as a licensed realtor in the city of Monroe. In 1981, plaintiff and his father, Mr. Earl Banks, who is also a licensed realtor, located a purchaser for certain property owned by defendant. A sale of the property was consummated and as a result thereof defendant paid to plaintiff and his father a realtor’s commission of approximately $25,000.00. The sale was arranged so that the purchaser paid to defendant some $95,000.00 in cash and signed a promissory note in the principal sum of $219,000.00, secured by a second mortgage on the property. Because the defendant expressed reservations about taking a $219,000.00 promissory note, Mr. Earl Banks, in order to facilitate closing the sale, assured defendant that in the event postliminary financing was required *546 he and plaintiff would assist in securing a loan against the paper. Subsequently defendant did contact plaintiff about assistance in securing a loan.
Plaintiff contends that a fee of $5,000.00 was discussed on several occasions relative to the legal services rendered in connection with this transaction. The defendant takes a contraposition urging that he at no time agreed to pay $5,000.00 but rather only conceded to a reasonable attorney’s fee.
The trial judge in his written reasons for judgment, discussing the extent of services performed by plaintiff stated that:
“Plaintiff then contacted an officer of the Ouachita Bank in Monroe on two occasions about the possibility of obtaining a loan for the defendants. The time expended by plaintiff was approximately 30 minutes and he was informed that no loan would be made. Then plaintiff spoke by telephone with Mr. Arthur Broussard of the Guaranty Bank and Trust Company of Lafayette who asked him to call him back about the loan but in the meantime, he contacted an old friend of his, Glenn Taylor, who was working with the Commerce and Industry Bank in Lafayette, Louisiana. He then informed Mr. Taylor by telephone that defendants desired to make a $75,000 loan and Mr. Taylor agreed to submit the application to the loan committee of the bank. Later, plaintiff was informed that the bank had approved the loan. He then prepared the security instruments necessary to close the loan which consisted of a promissory note, a collateral pledge agreement, a hand note, an assignment of life insurance as well as obtaining a- mortgage certificate on the property of defendants located in Tensas Parish, Louisiana. Plaintiff then combined a business trip which he made to Baton Rouge, Louisiana, with the loan closing of defendants in Lafayette.”
Parties are permitted to contract with respect to attorney’s fees, but those fees are subject to review and control by the courts. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). However, in order for plaintiff to recover in contract the $5,000.00 he claims is due there must exist a valid conventional obligation upon which he can base his claim.
“Four requisites are necessary to the validity of a contract:
1. Parties legally capable of contracting.
2. Their consent legally given.
3. A certain object, which forms the
matter of agreement.
4. A lawful purpose.”
La.C.C. Art. 1779.
In the case sub judice no one contests the existence of elements 1, 3, and 4. These parties are of the age of majority; they are of sound mind and thus legally capable of contracting. Further, the object involved was certain in that both parties realized the alleged agreement was for the procuration of legal services in connection with securing a loan for the defendant. Likewise there is no doubt that the purpose was lawful. Ergo, the only question remaining as to the existence of a valid contract concerns legally given consent.
It is an elementary point of law that consent is a requisite to a valid contract. La.C.C. Art. 1779. Of course, this assent may either be expressed or implied. It is expressed “when evidenced by words, either written or spoken; [it is] [i]mplied when it is manifested by actions, ...” La. C.C. Art. 1811.
Plaintiff contends that certain actions of the defendant constituted implied consent. In this regard the trial judge found as a fact that:
“At the loan closing, plaintiff wrote on a yellow legal sheet of paper and presented to defendants a bill for attorney’s fees in the amount of $5,000. At that time, defendants made out a check in that amount and handed it to plaintiff. Shortly after they left the bank, defendants stopped payment on the check because they had not agreed to pay that amount and did not wish to cause a scene at the bank.”
*547 The trial judge obviously believed defendant wrote the check simply to avoid a public dispute which would have been unpleasant to all parties involved. Further, the trial judge considering all the evidence held that plaintiff had failed to prove the existence of a valid contract. In reviewing this case we must place much emphasis on that determination because La.C.C. Art. 1818 provides:
“Where the law does not create a legal presumption of consent from certain facts, then, as in the case of other simple presumptions, it must be left to the discretion of the judge, whether assent is to be implied from them or not.”
The trial judge in his discretion held that plaintiff had failed to prove that these facts constituted an implied consent to the alleged contract. We cannot say that determination was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
Because no valid agreement existed plaintiffs claim of breach of contract must be dismissed. That however does not end our consideration of this case for plaintiff has performed valuable legal services for which he has not been compensated. And, although plaintiff may not recover on the theory of contracts the law does not allow defendant to procure an advantage as a result of the sacrifice of the plaintiff.
Under Louisiana law, “[tjhere is a general concept of quasi contractual obligations; it is a consent based upon the principle that where there is an unjust enrichment of one at the expense or improvishment of another, then the value of that enrichment or else, in some cases, the amount of the improvishment must be restituted. Planiol, Traite Elementaire DeDroit Civil, T.2, n°812, N°813 (8th ed. 1939).” Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422, 432 (1967) (Footnote omitted).
This “[rjestitution is not a matter of right. It is a privilege resting on the existence of sound judicial discretion, and [should] not be ordered when the equities of the case do not call for it.” Metropolitan New Orleans Chapter of Louisiana Consumers’ League, Inc. v. Council of City of New Orleans, 391 So.2d 878, 880 (La.App. 4th Cir.1980), writ refused, 396 So.2d 898 (La.1981).
The trial judge found that plaintiff was improvished to the extent of $1,500.00, which he considered to be a reasonable attorney’s fee for the services performed. We find that to be a proper award and accordingly affirm.
For the above and foregoing reasons the judgment of the trial court is affirmed. Plaintiff is to pay all costs of this appeal.
AFFIRMED.
GUIDRY, J., concurs.